IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALESE LAWRENCE,

    Plaintiff,

v.

RIVER DISTRICT FLORALS, LLC, a Florida limited liability company, I DEW EVENTS, LLC, a Florida limited liability company, RACHEL GROMAN-DEW, Individually, and CHRISTOPHER DEW, individually,

    Defendants.

Case No. 2:22-cv-782

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ALESE LAWRENCE ("Plaintiff" or "Lawrence") sues Defendants, RIVER DISTRICT FLORALS, LLC, ("RDF"), I DEW EVENTS, LLC, ("IDE"), RACHEL GROMAN-DEW, ("Groman-Dew"), and CHRISTOPHER DEW, ("Dew"), (herein collectively "Defendants"), and states as follows:

**CAUSES OF ACTION**

1. This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, *et. seq.* (FLSA), and Florida contract law.

**PARTIES**

2. Plaintiff is an individual who currently resides in Collier County, Florida.

3. Defendant River District Florals, LLC is a limited liability company with its principal place of business located in Fort Myers, Lee County, Florida.

4. Defendant I Dew Events, LLC is a limited liability company with its principal place of business located in Fort Myers, Lee County, Florida.

5. Defendant Rachel Gorman-Dew is an individual who owns and operates Defendant River District Florals, LLC and Defendant I Dew Events, LLC and resides in Fort Myers, Lee County, Florida.

6. Defendant Christopher Dew is an individual who owns and operates Defendant River District Florals, LLC and Defendant I Dew Events, LLC and resides in Fort Myers, Lee County, Florida

## JURISDICTION AND VENUE

7. Subject matter Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. §216 (b) because this action involves a federal question under the Fair Labor Standards Act.  Jurisdiction over the state law claim set forth herein is proper pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

8. Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because at all times material, Defendants resided in and/or conducted business in, and significant events giving rise to Plaintiff's claims occurred within the Florida counties comprising the U.S. District Court, Middle District of Florida.

9. Venue is proper in the Tampa Division under Local Rule 1.02(b)(5) since the action accrued in Lee County, Florida over which the Fort Myers Division has jurisdiction.

## GENERAL ALLEGATIONS

10. Defendant River District Florals, LLC is a full-service floral business.

11. Defendant I Dew Events, LLC is a full-service wedding and event planning business.

12. Plaintiff was formerly employed by Defendants River District Florals, LLC and I Dew Events, LLC as a Head Florist from February 10, 2020 to November 1, 2021

13. At all times material hereto, Defendants River District Florals, LLC and I Dew Events, LLC as a Head Florist were "an enterprise engaged in commerce" and therefore is a covered employer subject to the wage and hour requirements of the FLSA including the payment of minimum wages and overtime compensation to non-exempt employees.

14. At all times relevant, Defendants River District Florals, LLC and I Dew Events, LLC as a Head Florist had annual gross revenues of at least $500,000.00.

15. At all times relevant, Defendants River District Florals, LLC and I Dew Events, LLC as a Head Florist employed two or more individuals who, in the course and scope of their employment, handled flowers which were cultivated outside of Florida and moved through interstate commerce.

16. At all times relevant, Defendants River District Florals, LLC and I Dew Events, LLC as a Head Florist employed two or more individuals who routinely handled tables and chairs which were manufactured outside of Florida and moved through interstate commerce.

17. At all times material hereto, Defendants Rachel Groman-Dew and Christopher Dew were also each an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

18. Defendants Rachel Groman-Dew and Christopher Dew managed, oversaw and operated Defendants River District Florals, LLC and I Dew Events, LLC as a Head Florist as a business enterprise within the meaning of 29 U.S.C. § 203 (s) (1) of the FLSA.

19. Defendants Rachel Groman-Dew and Christopher Dew exercised complete dominion and control over employee wages, hours, and working conditions including those of Plaintiff.

20. As owners and operators of Defendants River District Florals, LLC and I Dew Events, LLC, Defendants Rachel Groman-Dew and Christopher Dew devised and implemented all employee pay policies of the company including those directly affecting Plaintiff.

21. At all times material hereto, Plaintiff was an FLSA non-exempt employee of Defendants.

22. Plaintiff's compensation included, but was not limited to, twenty percent (20%) commissions on all event revenues.

23. Defendants were required under the FLSA to pay Plaintiff at least the applicable minimum wage for each hour worked in a workweek.

24. Defendants were also required under the FLSA to pay Plaintiff one and one half (1½) times her effective hourly rate for each hour worked over 40 in a workweek.

25. Plaintiff has had to retain the undersigned counsel to bring the instant action and will incur attorney's fees for said representation.

## COUNT I
### *(Failure to Pay Minimum Wages in violation of the FLSA, 29 U.S.C. Section 206 - Against All Defendants)*

26. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 25.

27. The FLSA requires that every covered employer shall pay each of their non-exempt employees the applicable minimum wage. 29 U.S.C. § 206(a).

28. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to payment of at least the federal minimum wage for each hour worked in a workweek.

29. Defendants willfully failed to compensate Plaintiff at an effective hourly wage which was at least equal to the federal minimum wage.

30. Defendants owe Plaintiff her unpaid federal minimum wages plus an additional amount in the way of liquidated damages equal to the unpaid minimum wages.

31. Defendants did not act in good faith compliance with the FLSA with respect to their compensation of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid minimum wages plus an equal amount in the way of liquidated damages, prejudgment interest together with the costs of suit, reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT II
### *(Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. Section 207 - Against All Defendants)*

32. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 25.

33. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to overtime pay at time and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

34. During the relevant time period, Defendants routinely required Plaintiff to work in excess of forty (40) hours in a workweek

35. In violation of the FLSA, Defendants willfully failed to pay Plaintiff time and one-half his regular rate of pay for overtime hours worked.

36. As a direct result of Defendants' violation of the FLSA, Plaintiff has suffered damages in the way of unpaid overtime compensation.

37. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

38. Plaintiff is entitled to recover from Defendants the unpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid overtime compensation, statutory liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

### COUNT III
*(Breach of Contract and Entitlement to Attorney's Fees under Fla. Stat. § 448.08- Against Defendants RDF and IDE)*

39. Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations in paragraphs 1 through 25.

40. Defendants agreed to pay Plaintiff a 20% commission on all event revenues received.

41. Plaintiff performed all conditions precedent to her receipt of the promised earned commissions.

42. However, Defendants only partially paid Plaintiff's earned commissions.

43. Defendants' failure to pay Plaintiff her earned commissions in full constitutes a breach of contract.

44. Defendants' breach has damaged Plaintiff by denying her benefit of the bargain, *i.e.* the earned commissions.

45. Because the unpaid commissions constitute unpaid wages, Plaintiff is entitled to recover her reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendants River District Florals, LLC and I Dew Events, LLC, jointly and severally, for unpaid contractual pay plus prejudgment interest together with the costs of suit and reasonable attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, a demand a trial by jury as to all issues triable as of right.

Dated this *** day of December 2022.   Respectfully submitted,

*s/ DRAFT*
R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
BRIAN K. CALCIANO
Florida Bar No. 108879
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com
brian@flemploymentlaw.com